**LAW OFFICES OF SALVATORE BELLOMO, LLC**
SALVATORE BELLOMO - Attorney ID: 021751985
17 Furler Street, Ste. 1
Totowa, NJ 07512
Phone: (973) 638-1790
Fax: (973) 206-2007
Email: sbellomo@salvatorebellomolaw.com
*Attorney(s) for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK DIVISION

| | |
|---|---|
| DIEGO FERRO,<br><br>                   Plaintiff,<br><br>                   vs.<br><br>CITY OF PATERSON, CITY OF PATERSON POLICE DEPARTMENT, DET. RUSSELL CURVING, DET. SAL JUDEH, individually and in their official capacity as Police Officers in the City of Paterson, JOHN DOES 1-10.<br><br>                   Defendant | CIVIL ACTION NO.:<br><br><br>CIVIL ACTION<br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Diego Ferro of 42 Blauvelt Place, Hackensack, New Jersey 07601, by way of Complaint against Defendants, City of Paterson, City of Paterson Police Department, Det. Russell Curving and Det. Sal Judeh states as follows:

## **NATURE OF ACTION**

1.    This is a civil action brought pursuant to 42 U.S.C. §§1981, 1983, 1985, 1986 and 1988, and pendant State claims seeking compensatory and punitive damages and injunctive relief

against Defendants for their violations of Plaintiff's civil rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution of the United States Constitution, the New Jersey Civil Rights Act, N.J.S.A. 10:6-2(c), the New Jersey State Constitution, Article One, paragraphs 1, 7, and 12, as well as for assault, battery, intentional infliction of emotional distress resulting from the unlawful acts of Defendants and the negligent hiring, retention, and supervision of its employees by the Paterson Police Department.

## JURISDICTION AND VENUE

2.    This case arises under the United States Constitution and 42 U.S.C. §§1981, 1983, 1985, 1986 and 1988. This Court has jurisdiction over Plaintiff's Federal claims pursuant to 28 U.S.C. §§1331, 1343 and supplemental jurisdiction over Plaintiff's State claims pursuant to 28 U.S.C. §§1367.

3.    The declaratory and injunctive relief sought by Plaintiff is authorized by 28 U.S.C. §§2201, 2202, 42 U.S.C. § 1983 and Rule 57 of the Federal Rules of Civil Procedure.

4.    This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. §1391(b)(1) and (b)(2) as the actions complained of took place in the City of Paterson, in the County of Passaic, State of New Jersey, which is located in this judicial district, the District of New Jersey, Newark Division.

5.    This Court has the authority to award costs and fees under 42 U.S.C. §1988.

## PARTIES

6.    Plaintiff, Diego Ferro (hereinafter "Mr. Ferro" or "Plaintiff") is an individual who, at all relevant times, was a resident of Hackensack, in the County of Bergen, State of New Jersey.

7.    Defendant Detective Russell Curving ("Det. Curving"), is an adult individual who was hired by the City of Paterson was, at all relevant times, a detective and officer of the City of

2

Paterson, delegated with authority and responsibility for overseeing safety, law, and order in the City of Paterson, including but not limited to, ensuring the care of safety of individuals in his custody. On or about August 22, 2017, Det. Curving was on active duty with the City of Paterson.

8.      Defendant Detective Sal Judeh ("Det. Judeh"), is an adult individual who was hired by the City of Paterson was, at all relevant times, a detective and officer of the City of Paterson, delegated with authority and responsibility for overseeing safety, law, and order in the City of Paterson, including but not limited to, ensuring the care of safety of individuals in his custody. On or about August 22, 2017, Det. Curving was on active duty with the City of Paterson.

9.      Defendant, City of Paterson, is a municipality organized under the Laws of the State of New Jersey, with its Municipal Building located at 155 Market Street, Paterson, NJ 07505. The City of Paterson acted with the authority to hire and supervise police officers. The City of Paterson hired Det. Curving and Det. Judeh and delegated to them the express authority to carry out certain duties.

10.     At all times relevant hereto, Defendants, John Does 1-10 were agents and/or employees of the City of Paterson and as such were acting within the course and scope of their employment and agency and with knowledge and consent and at the direction of the City of Paterson. Should discovery reveal the identity of any of these additional individuals, the Complaint shall be amended.

11.     At the times of the wrongful conduct complained of herein, the individual defendants, including Det. Curving and Det. Judeh acted for themselves and as agents on behalf of the City Paterson.

## FACTS COMMON TO ALL COUNTS

12. On August 22, 2019, Plaintiff was driving on or about the intersection of Slater and Marshall Street in the City of Paterson.

13. Plaintiff's vehicle was stopped by Defendants Curving and Judeh during a motor vehicle stop.

14. Plaintiff was sitting with his hands on the steering wheel when Defendants Curving and Judeh forcibly removed Plaintiff from the vehicle, forced him to the ground, and punched him and kicked him in the face, chest, and torso without provocation or any legal justification.

15. Plaintiff was then transported to Paterson Police headquarters where he was again assaulted in the interview room. Plaintiff was thrown to the ground and punched and kicked in his face, specifically his eyes and jaw, and ribs and chest.

16. Plaintiff was transferred to Passaic County Jail where correction officers noticed his injuries and took him to St. Joseph's Medical Center in Paterson for medical treatment.

17. Plaintiff was treated for a fracture to his right cheek under the eye where his facial bone was left depressed inward and bowed inward.

18. Plaintiff was also treated for injuries to his head, ribs, chest, and torso.

19. Plaintiff was left with severe and permanent injuries.

20. Plaintiff told the treating physicians that the injuries were caused by the named Defendants, Detectives of the Paterson Police Department.

21. Detectives Curving and Judeh had no explanation as to how Plaintiff sustained such serious injuries in their care and custody.

22. Defendant's conduct are a clear violation of the United States and New Jersey Constitution as well as related Federal and State laws.

4

23.     Upon information and belief, there is a pattern of Defendant's policy to violate the rights of individuals in their custody.

24.     Plaintiff files the present litigation seeking damages for violations of his Constitutional rights, personal injury, humiliation, embarrassment, mental and emotional anguish and distress, and other compensatory damages in an amount to be determined by a jury and the Court.

## COUNT ONE
### (Assault and Battery)

25.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1-24 of the Complaint as if more fully set forth herein.

26.     Defendants without proper grounds, willfully and maliciously attacked the Plaintiff without just cause. The injuries suffered by Plaintiff were inflicted while he was presenting no immediate threat to anyone.

27.     As a direct and proximate result of the willful, wanton, and malicious and intentional actions of Defendants Curving and Judeh, and those of their employers and agents, the Plaintiff suffered severe bodily injuries, mental anguish, humiliation, and embarrassment

WHEREFORE, Plaintiff demands judgment against the Defendant, jointly and severally, in the full and just amount of $150,000 plus punitive damages, attorneys' fees, interest and costs of suit, and any other relief as the Court deems just and equitable.

## COUNT TWO
### (Intentional Infliction of Emotional Distress)

28.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1-27 of the Complaint as if more fully set forth herein.

29.     Defendants Curving and Judeh intentionally caused severe emotional distress to the Plaintiff by their willful, wanton, extremely reckless and indifferent conduct, including but not

limited to engaging in senseless physical attacks upon the person of the Plaintiff which directly led to his severe bodily injuries.

30. The actions of Defendants Curving and Judeh go well beyond all bounds of decency and were done with the purpose of inflicting emotional distress and fear.

31. That the aforesaid actions by said Defendants were so outrageous in character and were so extreme in degree that a reasonable member of the community would regard such conduct as atrocious, going beyond all possible bounds of decency an as being utterly intolerable in a civilized community.

32. As a direct and proximate result of the Defendants' extremely reckless and indifferent conduct, the Plaintiffs suffered severe pain, emotional distress, mental anguish, and physical injuries as the result of being beaten.

WHEREFORE, Plaintiff demands judgment against the Defendant, jointly and severally, in the full and just amount of $150,000 plus punitive damages, attorneys' fees, interest and costs of suit, and any other relief as the Court deems just and equitable.

## COUNT THREE
### (Negligent Infliction of Emotional Distress)

33. Plaintiff repeats and realleges the allegations contained in Paragraphs 1-32 of the Complaint as if more fully set forth herein.

34. Defendants Curving and Judeh negligently caused severe emotional distress to the Plaintiff by their extremely negligent actions and breach of their duty and care, including but not limited to engaging in and/or allowing a senseless attack upon the person of Plaintiff which led directly to his severe physical injuries.

35. Defendants Curving and Judeh negligently caused severe emotional distress to the Plaintiff by their extremely negligent actions and breach of their duty of care, including but not

6

limited to engaging in and/or allowing a senseless physical attack upon the person of the Plaintiff which lead to severe physical injuries.

36. As a direct and proximate result of the Defendants' extremely negligent, reckless, and indifferent conduct, the Plaintiff suffered severe pain, emotional distress, and mental anguish as the result of being attacked by Defendants.

WHEREFORE, Plaintiff demands judgment against the Defendant, jointly and severally, in the full and just amount of $150,000 plus punitive damages, attorneys' fees, interest and costs of suit, and any other relief as the Court deems just and equitable.

## COUNT FOUR
### (Negligent Hiring, Training, & Supervision)

37. Plaintiff repeats and realleges the allegations contained in Paragraphs 1-36 of the Complaint as if more fully set forth herein.

38. At all times relevant herein, Defendants Curving and Judeh were employees of the City of Paterson Police Department and acting as agents under the City's direction and control, and pursuant to the rules, regulations, policies, and procedures put in place by the City of Paterson and the City of Paterson Police Department.

39. Defendants City of Paterson and City of Paterson Police Department acted in contravention to their care of Plaintiff, negligently, carelessly, and recklessly, by failing to properly train, supervise, control, direct and monitor, their policer officers, employees, and agents in their duties in responsibilities.

40. As a direct and proximate result of the acts and omissions of Defendants City of Paterson and City of Paterson police department, Plaintiff was wrongfully and unlawfully attacked and beaten by Defendants Curving and Judeh.

WHEREFORE, Plaintiff demands judgment against the Defendant, jointly and severally,

7

in the full and just amount of $150,000 plus punitive damages, attorneys' fees, interest and costs of suit, and any other relief as the Court deems just and equitable.

## COUNT FIVE
### (VICARIOUS LIABILITY and CIVIL CONSPIRACY)

41. Plaintiff repeats and realleges the allegations contained in Paragraphs 1-40 of the Complaint as if more fully set forth herein.

42. Defendants Curving and Judeh and John Does 1-10 entered into an agreement to commit an illegal act of assault and battery against Plaintiff.

43. Defendants acted in furtherance of their aforementioned employment, agency relationship with each other and John Does 1-10 to scheme to commit a tortious act.

44. Defendants and John Does 1-10 were acting in the course and general scope of their employment and agency relationship in pursuance of the authority given them by Defendants City of Paterson and City of Paterson Police Department.

45. Defendants, authorized, instigated, condoned, and/or participated in the conspiracy to commit the assault and battery against Plaintiff by Defendants Curving and Judeh and John Does 1-10.

46. Plaintiff was injured by the Defendants.

47. Defendants City of Paterson and City of Paterson Police Department is directly and vicariously liable for the aforesaid actions of its employees, agents, and/or servants.

48. Detectives Curving and Judeh are directly and vicariously liable for their own acts and the acts of their agents.

49. As a direct and proximate cause of the Defendants' civil conspiracy and unlawful acts, the Plaintiff suffered severe pain, emotional distress, and mental anguish as the result of being attacked.

WHEREFORE, Plaintiff demands judgment against the Defendant, jointly and severally, in the full and just amount of $150,000 plus punitive damages, attorneys' fees, interest and costs of suit, and any other relief as the Court deems just and equitable.

## COUNT SIX
### (Section 1983 Claim Against Defendants)

50. Plaintiff repeats and realleges the allegations contained in Paragraphs 1-49 of the Complaint as if more fully set forth herein.

51. As described above, Defendants used excessive and unreasonable force against Plaintiff on August 22, 2018, without provocation and without legitimate penal justification, and John Does 1-10 failed to stop the unprovoked and unjustified excessive use of force against Plaintiff.

52. The actions of Defendants were performed under color of state law and violated Plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

53. The acts of excessive force by Defendants Curving and Judeh against Plaintiff were the direct and proximate cause of serious and ongoing physical and psychological injuries to Plaintiff.

54. The conduct of Defendants Curving and Judeh were willful and exhibited a flagrant disregard for Plaintiff's federally secured due process rights. Accordingly, these defendants are liable to Plaintiff under 42 U.S.C. §1983.

WHEREFORE, Plaintiff demands judgment against the Defendant, jointly and severally, in the full and just amount of $150,000 plus punitive damages, attorneys' fees, interest and costs of suit, and any other relief as the Court deems just and equitable.

## COUNT SEVEN
### (Violation of New Jersey Civil Rights Act)

55. Plaintiff repeats and realleges the allegations contained in Paragraphs 1-54 of the

Complaint as if more fully set forth herein.

56.    Defendants are "persons" within the definition of the New Jersey Civil Rights Act at N.J.S.A. 10:6-2, *et seq.* and required to act pursuant to the requirements expressed therein.

57.    Defendants, at all relevant times, included a New Jersey State municipality and its employees and agents. Defendants were, at all relevant times, acting under color of law.

58.    Defendants acted unconstitutionally in their attack upon Plaintiff.

59.    Defendants policies were established by the municipality and/or officials appointed by the municipality and delegated with express authority to make, adopt, and enforce policies, rules, orders and regulations.

60.    By attacking Plaintiff, Defendant's violated Plaintiff's Equal Protection rights, violated N.J.S.A. 10:6-2, and clear established law in the State of New Jersey.

61.    Defendant's acted without provocation and without legal justification.

62.    By and through their course of conduct as alleged herein, Defendants deprived Plaintiff of his rights, privileges or immunities secured by the United States Constitution, deprived Plaintiff of his liberty, and deprived Plaintiff of his right to equal protection under the Law.

63.    By refusing to prevent such deprivations to Plaintiff, Defendants thereby deprived him of his rights, privileges and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of New Jersey.

64.    The aforesaid unlawful acts of Defendants were done willfully, maliciously, and with reckless disregard of Plaintiff's rights.

65.    As a direct and proximate result of the Defendants' violations of Plaintiff's constitutional rights, Plaintiff has suffered severe and substantial damages. These damages include litigation

10

expenses including attorney fees, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages in an amount to be determined by a jury and the Court.

WHEREFORE, Plaintiff demands judgment against the Defendant, jointly and severally, in the full and just amount of $150,000 plus punitive damages, attorneys' fees, interest and costs of suit, and any other relief as the Court deems just and equitable.

Dated: August 12, 2019

LAW OFFICES OF SALVATORE
BELLOMO, LLC
Attorney(s) for Plaintiff

By: _____
SALVATORE BELLOMO, ESQ.

11

## CERTIFICATION OF NO OTHER ACTIONS

I certify to the best of my knowledge and belief that the dispute is not the subject of any other action pending in any other court or a pending arbitration proceeding.

Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

Dated: August 12, 2019

LAW OFFICES OF SALVATORE
BELLOMO, LLC
Attorney(s) for Plaintiff

By: _____
SALVATORE BELLOMO, ESQ.

## JURY DEMAND

The Plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court *Rules* 1:8-2(b) and 4:35-1(a).

Dated: August 12, 2019

LAW OFFICES OF SALVATORE
BELLOMO, LLC
Attorney(s) for Plaintiff

By: _____
SALVATORE BELLOMO, ESQ.